UNITED STATES of America, Plaintiff,

v.

Lester Clark DEAN, Michael Giltner, et al., Defendants.

No. 86–396–Cr–T–17.

United States District Court, M.D. Florida, Tampa Division.

March 29, 1993.

Patricia Kerwin, Asst. U.S. Atty., for plaintiff.

Thomas T. Steele, Vincent R. Alto, Tampa, FL, for defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before this Court on the motion for summary judgment filed by Petitioner, Leroy Burns, on May 26, 1992 and response thereto, filed August 21, 1992.

### FACTS

On December 12, 1986, thirteen defendants were indicted on various drug and tax violations. Petitioner Leroy Burns was indicted for conspiracy to import and possess marijuana and to defraud the Internal Revenue Service. Five days later, on December 17, 1986, the United States filed a notice of Lis Pendens against the High Seas Restaurant located in Manatee County. At that time, the restaurant was owned by Petitioner Burns and his wife, Myrtice C. Burns.[1]

On February 1, 1988, the United States requested that the charges pending against Mr. Burns be dropped. On August 15, 1988, Michael Giltner and Lester Clark Dean, the stepson of Leroy Burns, pled guilty to drug and tax charges. On that date, this Court entered an order of forfeiture against defendants Giltner and Dean, forfeiting their interest in the High Seas restaurant and a related corporation, By–Gil, Inc.

Meanwhile, on August 12, 1988, Petitioner Burns and his wife filed an "Objection to Attempted Forfeiture and Motion For a Prompt Post–Seizure Probable Cause Hearing." A subsequent "Petition For Hearing To Adjudicate Validity of Interest in Certain Forfeited Property" was filed by Mr. and Mrs. Burns on November 25, 1988.

Defendant Giltner then appealed his sentence and filed a motion in this Court on November 23, 1988, to stay the forfeiture proceedings pending the outcome of his appeal. A hearing on that motion and to adjudicate the third party claims with regards to

---

1. Myrtice Burns died on January 22, 1991. Petitioner Leroy Burns succeeded to all of his late wife's rights in the High Seas restaurant by order of summary administration entered September 27, 1992, in the Twelfth Judicial Circuit Court in Manatee County.

forfeited property was scheduled for December 19, 1988. During that hearing, Petitioner's attorney, Thomas Steele, joined the motion to stay the forfeiture proceedings until Defendant Giltner's appeal was resolved.[2] This Court entered an order granting the stay on January 3, 1989.

While the stay of the proceedings was in effect, this Court granted the United States motion to sell the High Seas restaurant. Subsequently, on August 28, 1989, the United States Marshal sold the restaurant for $850,-000. The proceeds of the sale, amounting to $536,524.20, were placed in an interest bearing account with the registry of the Court.

On November 12, 1991, this Court granted the United States Motion to Lift Stay of Forfeiture Proceedings. An ancillary hearing on the proceeds from the High Seas restaurant was set for March 30, 1992. The date was later changed to March 23, 1992. At that time, a hearing was held concerning Petitioner's claim to the proceeds from the sale of the High Seas Restaurant.

Petitioner filed his Motion for Summary Judgment and a Request for Oral Argument on May 26, 1992. The United States responded on August 21, 1992, opposing the motion and the request for oral argument.

## DISCUSSION

Petitioner Burns is seeking a summary judgment in his favor claiming that the delay in holding a hearing on the forfeiture of the proceeds from the High Seas restaurant violated his right to due process under the Fifth Amendment. In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court developed a balancing test to be used in determining whether the government has abridged a defendant's right to a speedy trial under the Sixth Amendment. The four factors cited by the Court are the length of delay, the reason for the delay, the claimant's assertion of his rights, and any prejudice suffered by the claimant. 407 U.S. at 530, 92 S.Ct. at 2192. The Supreme Court subsequently ruled that the *Barker* inquiry is appropriate in deciding whether a delay in forfeiture proceedings has violated a claimant's due process rights under the Fifth Amendment. *United States v. $8,850 in United States Currency*, 461 U.S. 555, 564, 103 S.Ct. 2005, 2012, 76 L.Ed.2d 143 (1983).[3] In reviewing Petitioner's motion for summary judgment, this Court will consider each of the factors discussed in *Barker*.

### Length of Delay

The first prong of the balancing test requires a review of the length of the delay. The Eleventh Circuit Court of Appeals has held that an ancillary hearing on third party rights should be held within thirty (30) days. *United States v. Kramer*, 912 F.2d 1257 (11th Cir.1990). However, the *Kramer* court recognized that the applicable statutory language requires a hearing within thirty (30) days "to the extent practicable and consistent with the interests of justice." *Id.* at 1260.[4]

The United States Supreme Court has also considered the length of a delay. In *$8,850*, 461 U.S. at 565, 103 S.Ct. at 2012, the Court stated that "short delays—of perhaps a month or so—need less justification than longer delays." However, the Court demonstrated the flexibility necessary in reviewing each case individually by holding that a delay of eighteen months was not excessive. *Id.* at

---

**2.** A review of the transcript of the proceeding held December 19, 1988 confirms that Attorney Steele, on behalf of his clients, Mr. and Mrs. Burns, opted in to Defendant Giltner's Motion to Stay the Proceedings. Defendant Giltner anticipated asserting his Fifth Amendment privilege in further court proceedings on the forfeitures pending the outcome of his appeal. Because Mr. Giltner's testimony was an integral part of Mr. and Mrs. Burns case, Mr. Steele joined the motion. *See* pages 52–53 of the Official Transcript.

**3.** In a footnote to its opinion in *United States v. $8,850 in United States Currency,* the Court noted that the deprivation in *Barker,* involving a loss of

liberty, may be more grievous than the loss of one's property involved in a forfeiture case. Therefore, the Court stated that "the balance of interests, which depends so heavily on the context of the particular situation, may differ from a situation involving the right to a speedy trial." 461 U.S. at 565 n. 14, 103 S.Ct. at 2012 n. 14.

**4.** The applicable statute in the present case, 21 U.S.C. 853(n)(4), states that "[t]he hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition."

569, 103 S.Ct. at 2014–15. In addition, in *United States v. Premises Located at Route 13*, 946 F.2d 749 (11th Cir.1991), the Eleventh Circuit Court of Appeals determined that an eleven-month delay did not constitute a violation of due process. *Id.* at 755.

Petitioner in the present case argues that more than five years transpired between the government's filing of the lis pendens notice and the actual forfeiture hearings. However, during that period, Mr. Burns was under indictment for the first thirteen (13) months. Petitioner's attorney, Thomas Steele, then joined Defendant Giltner's motion to stay any forfeiture proceedings involving him pending the outcome of Defendant Giltner's appeal of his sentence.[5] The stay was entered on January 1989, and remained in effect until November 12, 1991. Following the order lifting the stay, an ancillary hearing on the forfeiture was held within five months. While the hearing was not held within thirty (30) days following the lifting of the stay, this Court held the hearing when it was practicable considering the availability of time on the docket and preparation by both parties.

### Reason for the Delay

In reviewing the reasons for a delay in a forfeiture hearing, the Supreme Court has recognized that pending criminal and administrative proceedings are factors to be considered during the balancing inquiry. *$8,850*, 461 U.S. at 567, 103 S.Ct. at 2013–14. In assessing the reasons for the delay in the present case, it is important to note that during much of the delay defined by the Petitioner, the forfeiture proceedings were stayed pending the outcome of Defendant Giltner's appeal to the Eleventh Circuit Court of Appeals.

Following the resolution of his appeal, Defendant Giltner was sentenced October 20, 1990. The stay of the forfeiture proceedings was lifted November 12, 1991. Yet, during the period between Defendant Giltner's sentencing and the order lifting the stay, the United States took depositions of Mr. and Mrs. Burns. Thus, the United States was moving toward a hearing even during the time that the stay in the forfeiture proceedings was in effect.

### Assertion of Petitioner's Rights

In determining whether the United States' conduct was reasonable, it is also necessary to examine whether the Petitioner diligently asserted his rights. In *Nnadi v. Richter*, 976 F.2d 682 (11th Cir.1992), the court rejected a due process challenge involving a forfeiture action. As part of its analysis, the court stated that the claimant did not diligently assert her rights to a prompt post-seizure hearing. The court determined that the claimant in that case failed to exercise here rights in a timely fashion because she did not file an appropriate claim with the United States Customs Service.

Petitioner Burns filed a motion on August 12, 1988 titled "Objection to Attempted Forfeiture and Motion for Prompt Post–Seizure Probable Cause Hearing." This motion was followed on November 25, 1988 by a "Petition For Hearing to Adjudicate Validity of Interest in Certain Forfeited Property." However, both of these motions were put on hold following Defendant Giltner's motion for a stay which was granted following the December 19, 1988 hearing. It should be noted that the December 19th hearing was originally scheduled to address the interests of third parties against the United States in regards to the forfeitures. However, Defendant Giltner's motion to stay the proceedings ultimately delayed the ancillary hearings.

As discussed above, the United States took the depositions of Mr. and Mrs. Burns in January 1991. Over the next year following the depositions, the Petitioner did not file anything with this court demanding a hearing. In fact, informal discussions between Petitioner's attorney and the United States at that time indicated that both sides would try to schedule a hearing, possibly in August.[6] Petitioner cites a letter he sent (pro

---

5. Among the properties involved in the forfeiture proceedings against Defendant Giltner was the High Seas restaurant.

6. The United States includes this assertion in its Response to Petitioner's Motion for Final Summary Judgment filed with this court on August 21, 1992. Petitioner also admits in his Memo-

se) to this Court in February 1989 complaining about the delay in receiving a hearing on the forfeiture. However, at the time of the letter, the stay of the proceedings was in effect—a stay which Petitioner's attorney specifically joined during earlier proceedings. Finally, in his efforts to resolve his concerns over the forfeiture, Petitioner could have pursued a potential claim for the return of his property under Fed.R.Crim.P. 41(e).[7] He failed to do so.

### Prejudice to the Petitioner

The final element in the balancing test is whether the Petitioner has been overly prejudiced by the delay between the seizure and the hearing. The court should consider whether the Petitioner has been "hampered in presenting a defense on the merits, through, for example, the loss of witnesses, or other important evidence." *United States v. $8,850 in United States Currency,* 461 U.S. at 569, 103 S.Ct. at 2014. *See also United States v. Von Neumann,* 474 U.S. 242, 106 S.Ct. 610, 88 L.Ed.2d 587 (1986).

Petitioner Burns argues that the delay in holding a hearing on the forfeiture prejudiced his case because of the death of his wife on January 22, 1991. Mr. Burns also points to his inability to locate several people he believes would offer significant testimony in support of his case.[8] However, as mentioned above, the United States took the deposition of Mrs. Burns prior to her death. While Petitioner's efforts to locate several witnesses were unsuccessful, he apparently did not approach the government for assistance in locating them.

It is true, as Petitioner asserts, that live in-court testimony may be preferable to the introduction of a deposition. However, in this case, the use of Mrs. Burns' deposition as opposed to live in-court testimony will not seriously hamper Petitioner in presenting a defense on the merits. Because much of the case concerns the source of the original investment by the Burns' in the High Seas restaurant, it is also unlikely that the inability to locate employees of the restaurant will frustrate Petitioner's ability to defend against the forfeiture actions.

It should also be noted that Petitioner, through his attorney, supported Defendant Giltner's motion to stay the proceedings because Mr. Giltner was a necessary witness to his case. If the United States had pursued the hearings prior to the resolution of Defendant Giltner's appeal, Mr. Burns may not have had the benefit of Defendant Giltner's testimony which was described by Attorney Steele during the hearing on the motion to stay the proceedings as "integral."[9] While Petitioner claims he was prejudiced because of his inability to find additional witnesses, the delay caused by the stay of the proceedings may have assisted his case by making available a witness who might otherwise have been unavailable to testify.

### Conclusion

The forfeiture proceedings involving Petitioner's interest in the High Seas restaurant have certainly extended over a lengthy period of time. However, in weighing the factors originally discussed by the United States Supreme Court in *Barker v. Wingo,* and extended to forfeiture proceedings in *United States v. $8,850 in United States Currency,* this Court finds the delays were reasonable. Following the dismissal of the original indictment against the Petitioner, the United

randum In Support of Motion for Summary Judgment, filed May 26, 1992, that he was in contact with the United States on several occasions regarding the forfeiture proceedings.

7. Federal Rule of Criminal Procedure 41(e) provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property."

8. Mr. Burns states that he has not been able to locate a former bookkeeper for the High Seas restaurant, as well as the next owner of the restaurant. He also points to his inability to find a former manager and chef.

9. In opting in to the motion to stay the proceedings, Mr. Steele described the testimony of both Mr. Giltner and Lester Clark Dean as "integral to our claim under the forfeiture." *See* page 52, lines 9–15 of the Official Transcript of the December 19, 1988 proceeding.

States moved forward with its forfeiture action against the High Seas restaurant. However, the intervening appeal by Defendant Giltner served to suspend the proceedings. Petitioner, through his attorney, supported the stay of the proceedings because Defendant Giltner's testimony was integral to his case. Following the resolution of the appeal, the United States again moved forward to resolve this case. At no time during that period did Petitioner complain to this Court about the timetable or the delay. An ancillary hearing has since been held on the forfeiture. Accordingly, it is

**ORDERED** that Petitioner's request for oral argument and motion for summary judgment be **denied.**

**DONE and ORDERED.**